## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

JOE HAND PROMOTIONS, INC                                                 PLAINTIFF

v.                          Civil No. 4:14-cv-04094

CARMENCHITA PEARSON, *Individually*
*and doing business as*
DE QUEEN COUNTRY CLUB & LODGE                        DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Extension ECF No. 9. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court finds as follows:

**1. Background**:

Plaintiff, commenced this action against Defendant on July 17, 2014. ECF No. 1. On November 6, 2014, Defendant filed their Motion to Dismiss. ECF No. 7. With this Motion Defendant seeks a dismissal of the action based upon FED. R. CIV. P. 12(b)(5) for insufficient process. Plaintiff filed a response in opposition on November 24, 2014 (ECF No. 8) and concurrently a Motion for Extension of Time for Service. ECF No. 9.

**2. Applicable Law:**

Pursuant to FED. R. CIV. P. 12(b)(5), a case may be dismissed for insufficient service of process. Before a federal court may exercise personal jurisdiction over a Defendant, the procedural requirement of service of summons must be satisfied. *Omni Captiol Int'l, v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). FED. R. CIV. P. 4(m) provides for a defendant to be served within a 120 days,

however the court may extend the time for service for an appropriate period if the plaintiff can show good cause for failure to serve within the allowed time.

**3. Discussion:**

Defendant seeks a dismissal of the action based upon FED. R. CIV. P. 12(b)(5) for insufficient process. ECF No. 7. Defendant argues Plaintiff failed to meet the requirements of FED. R. CIV. P. 4(c) regarding the process of service and FED. R. CIV. P. 4(m) requiring service of the summons and complaint upon a defendant within 120 days after the filing of the complaint.

On July 17, 2014, Plaintiff filed their complaint. ECF No. 1. According to, Defendant they received a set of documents, which included a complaint, from Plaintiff via regular mail, none of which contained a summons, on October 8, 2014. ECF No. 7. FED. R. CIV. P. 4(m) requires service of the summons and complaint upon a defendant within 120 days after the filing of the complaint. Further, attempted service by mail should follow Ark.R.Civ.P. 4(d)(8)(A)(i) which requires service by registered mail return receipt requested.

Plaintiff acknowledges they failed to follow the requirements of Ark.R.Civ.P. 4(d)(8)(A)(i) and have not effectuated service within 120 days. ECF No. 9. According to Plaintiff, they originally believed service had been effectuated on Defendant via mail service prior to the expiration of the 120 day deadline. Upon further investigation, Plaintiff realized they did not comply with the requirements of mail service under Ark.R.Civ.P. 4(d)(8)(A)(i) and then Plaintiff made additional efforts to re-serve Defendant personally, however, Plaintiff was informed the Defendant had moved. *Id.*

Plaintiff, in their Motion for Extension to Serve (ECF No. 9), argues FED. R. CIV. P. 4(m) provides for a defendant to be served within a 120 days, however the court may extend the time for service for an appropriate period if the plaintiff can show good cause for failure to serve within the

allowed time.

Plaintiff's failure to follow the Rules of Civil Procedure on service cannot be said to be good cause. In his Motion for Entry of Appearance *Pro Hac Vice*, counsel for Plaintiff sought a waiver from obtaining local counsel and stated he had familiarized himself with the Federal Rules of Civil Procedure. ECF No. 6. Further, although Plaintiff states they made additional efforts to re-serve Defendant personally; Plaintiff was informed the Defendant had moved. However, there is no indication Defendant was intentionally avoiding service.

Based on the forgoing, it is recommended Defendant's Motion to Dismiss (ECF No. 7) be granted based on FED. R. CIV. P. 12(b)(5) for insufficient service of process. Further, it is recommended Plaintiff's Motion to Extension (ECF No. 9) be denied.

### 4. Conclusion:

It is therefore recommended that Defendant's Motion to Dismiss (ECF. No. 7) be **GRANTED** and Plaintiff's Motion to Extension (ECF No. 9) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **27th day of January, 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE