IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE HAND PROMOTIONS, INC.                                                                PLAINTIFF

v.                                          CASE No. 4:14-cv-04094

CARMENCHITA PEARSON,
Individually and doing business as
DE QUEEN COUNTRY CLUB & LODGE                                                DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed January 27, 2015 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 14). Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 7) be granted and that Plaintiff's Motion for Extension of Time (ECF No. 9) be denied. Plaintiff has filed objections to the Report and Recommendation. (ECF No. 15). After reviewing the record *de novo*, the Court declines to adopt Judge Bryant's Report and Recommendation.

Plaintiff commenced this action against Defendant on July 17, 2014. (ECF No. 1). On November 6, 2014, Defendant filed the present Motion to Dismiss. In its motion, Defendant seeks a dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. While Plaintiff acknowledges that its initial attempts at service were unsuccessful, Plaintiff argues that it has shown good cause for its failure to effectuate service within the 120-day period prescribed by Rule 4(m). For this reason, Plaintiff opposes Defendant's Motion to Dismiss and requests that its deadline to complete service be extended.

In the Report and Recommendation, Judge Bryant found that Plaintiff had failed to show good cause for its failure to serve Defendant within the 120-day period. Judge Bryant

recommends that Plaintiff's request for a service extension be denied and that Defendant's Motion to Dismiss be granted. Plaintiff makes three objections to the Report and Recommendation. First, Plaintiff argues that Judge Bryant failed to consider its argument that Defendant's Motion to Dismiss should be denied because the motion does not comply with the Court's local rules. Second, Plaintiff maintains that Judge Bryant erred in finding that Plaintiff had not shown good cause for its failure to serve Defendant within the 120-day service period. Third, Plaintiff argues that, while Judge Bryant considered whether Plaintiff had shown good cause for its failure to serve Defendant, Judge Bryant should have gone on to consider whether an extension of time was warranted under the less stringent "excusable neglect" standard. The Court will address each of Plaintiff's objections in turn.

**1. The Local Rules**

Plaintiff argues that Defendant's Motion to Dismiss should be denied based solely upon the fact that the motion was not accompanied by a brief. Local Rule 7.2(a) provides:

> All motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law. Both documents shall be filed with the Clerk, and copies shall be served on all other parties affected by the motion.

The Court recognizes that Defendant did not submit a brief with its Motion to Dismiss. However, the Motion adequately set out the relevant facts and applicable law such that Plaintiff had sufficient notice of the legal arguments. Under these circumstances, the Court will not deny the motion solely on the ground that Defendant failed to follow a filing technicality of Local Rule 7.2(a).

**2. Good Cause**

Next, Plaintiff argues that Judge Bryant erred in finding that Plaintiff had not shown good cause for its failure to serve Defendant within the service period. Regarding extensions of time, Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In deciding whether to extend the 120-day period, the Court must first determine whether good cause exists. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). If the Court finds good cause for the delay, the Court must extend time for service, thus ending the inquiry. *Id.*

In this case, Plaintiff first attempted service by mail prior to the expiration of the 120-day service period. Plaintiff acknowledges that this attempt was not in compliance with the service requirements of Ark. R. Civ. P. 4(d)(8)(A)(i). On November 6, 2014, perhaps in response to Defendant's Motion to Dismiss which pointed out the service deficiencies, Plaintiff made a second attempt at service via process server. This second service attempt was also within the 120-day service period. However, this attempt was unsuccessful because of an apparent change in Defendant's address. Plaintiff was informed by its process server that Defendant had moved from De Queen Arkansas to Eureka Springs, Arkansas. On November 24, 2014—ten days after the expiration of the service period—Plaintiff filed its Motion for Extension of Time to Complete Service.

The Court agrees with Judge Bryant that the facts above do not establish good cause for an extension to the service deadline. Plaintiff carelessly attempted service by mail and left itself

with little time to correct the error prior to the expiration of the service period. Plaintiff points out that its second attempt at service was thwarted by a change of address; however, if Plaintiff had been more diligent in its attempts to serve Defendant, there would have been ample time to secure a current address for Defendant and attempt service for a third time within the 120-day service period. For these reasons, the Court finds that Plaintiff has failed to show good cause for its failure to serve Defendant within 120 days. Accordingly, pursuant to Rule 4(m), the Court is not required to grant a service extension.

### 3. Excusable Neglect

Plaintiff's final objection to the Report and Recommendation is that Judge Bryant did not go on to consider whether a discretionary service extension is warranted under the less stringent "excusable neglect" standard. The Court finds that this objection should be sustained.

"If plaintiff fails to show good cause, the court still may extend the time for service rather than dismiss the case without prejudice." *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). In determining whether neglect is excusable, the following factors may be considered: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 959 (8th Cir. 2010).

Upon consideration of these factors, the Court finds that an extension of time is warranted. First, Defendant had actual notice of the lawsuit prior to the expiration period, and Defendant has not argued that any prejudice would result from an extension. Second, the length

of the delay was not substantial. Plaintiff's Motion for Extension of Time was filed only 10 days after the expiration of the service period. Third, while the reason for the delay was largely due to Plaintiff's inattention to the rules for service by mail, Plaintiff's second attempt at service was thwarted by an apparent change in Defendant's address—a factor outside of Plaintiff's control.[1] Plaintiff did, at the very least, attempt to complete service within the 120-day period on two different occasions. Fourth, the Court finds no signs of bad faith on the part of Plaintiff, nor has Defendant argued that Plaintiff's actions were taken in bad faith.

For the reasons stated above, the Court finds that an extension to the service period is warranted. Accordingly, Defendant's Motion to Dismiss (ECF No. 7) should be and hereby is **DENIED**. Plaintiff's Motion for Extension of Time (ECF No. 9) should be and hereby is **GRANTED**. If Plaintiff has not already completed service upon Defendant, it must do so on or before October 5, 2015.

IT IS SO ORDERED, this 22nd day of September, 2015.

    /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] It appears that Plaintiff's process server received the process on October 10, 2014 but made no attempt to serve Defendant until November 6, 2014. (ECF No. 8, p. 5). While Plaintiff should have supervised the actions of its process server more closely, the Court recognizes that partial responsibility for the delay in service may rest with the process server.